A98A1544. McGLOHON v. THE STATE.
(506 SE2d 886)

BEASLEY, Judge.

Joel McGlohon seeks reversal of his conviction for aggravated battery. OCGA § 16-5-24 (a). The jury found him guilty of aggravated assault and aggravated battery, and the court merged the assault with the battery. McGlohon's original appeal challenged the effectiveness of trial counsel with respect to the failure to request jury instructions on the lesser included offense of battery.[1] But because the issue was first raised on appeal and appellate counsel had no opportunity to present it in the trial court, the case was remanded for development of this issue after the conviction was affirmed on two other enumerations of error.

The trial court held a hearing at which trial counsel testified and thereafter denied the motion for new trial in a detailed order of explanation. Now that there is a ruling, the question is ready for

[1] *McGlohon v. State*, 228 Ga. App. 726 (492 SE2d 715) (1997).

appellate consideration. It is moot with respect to the charge of aggravated assault, as McGlohon does not face fulfillment of a sentence on that count.

Was counsel ineffective, as a matter of law, in terms of the standard of *Strickland v. Washington?*[2] That is, considering the indictment and the evidence, was he remiss in not requesting that the court charge the jury that it could find McGlohon guilty of battery? If the jury had so found, misdemeanor rather than felony punishment would be the maximum which could be imposed.[3] The focus is on whether counsel's performance "fell below an objective standard of reasonableness."[4] The court was not obligated to give the charge[5] absent the request, and it cannot be faulted for omitting it, as would be the case where the omission is harmful as a matter of law.[6]

McGlohon's defense, to which he had testified, was that he did not inflict the severe injuries which his girlfriend and the other State witnesses described had been suffered by her at his hand. He testified that he merely grabbed at her to calm her down when she angrily slapped and kicked him, and that he remembered nothing thereafter. Other than his saying he merely grabbed her, which had the jury accepted would have resulted in little or no injury, the only evidence of her injuries showed them to include a broken nose, two lacerations, an avulsion on her lip, severe swelling and bruising on her cheek and lip and around the eyes so one could not even be pried open, severe nerve damage to the side of her face, and a knife wound in her chest.

The whole body of evidence, then, demonstrated that either defendant inflicted these serious injuries or, if he was to be believed, he did not. When the trial judge asked defense counsel "your client's contending he didn't do it isn't he? I mean, isn't that an all or nothing," defense counsel replied, "yeah." It was either no battery, simple battery or aggravated battery, all three options of which the jury was instructed. It was not the misdemeanor of battery, as that term is described and illustrated in OCGA § 16-5-23.1 (a) and (b). McGlohon's act did not inflict merely the alternative physical injuries listed there but rather all of them and others. What is more, the examples given in subsection (b) are all of a temporary nature; whereas the nerve damage left the victim with still no feeling one and a half years after the event, and the physician could not say this would ever heal. Her injuries amount to serious disfigurement which

---

[2] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).
[3] OCGA § 16-5-23.1 (c).
[4] *Strickland*, supra, 466 U. S. at 688.
[5] *McGlohon*, supra at 728 (2).
[6] OCGA § 5-5-24 (c).

is part of the definition of aggravated battery.[7]

The accused "is not entitled to a charge on a lesser included offense where the evidence establishes without dispute the commission of the greater offense charged. [Cits.]"[8]

This case is not like *Pearson v. State*,[9] despite appellant's urging. There was room there for the evidence to fit into the elements of the lesser included offense which counsel neglected to request, causing reversible error. Here the undisputed evidence does not fit the elements of battery, any more than a foot can be squeezed into a shoe that is too small a size.

McGlohon's trial counsel did not provide ineffective assistance to his client. Since there was no legal deficiency in his representation, it is unnecessary to consider the second question put by *Strickland*, i.e., whether there is a reasonable probability the verdict would have been otherwise had counsel requested the charge. It is moot.

There being no cause for a new trial, it was not error to deny one. *Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 15, 1998 —

*Zipperer & Lorberbaum, Alex L. Zipperer, Eric R. Gotwalt*, for appellant.

*Spencer Lawton, Jr., District Attorney, Lori E. Loncon, Assistant District Attorney*, for appellee.

---

[7] OCGA § 16-5-24 (a); see also *In the Interest of H. S.*, 199 Ga. App. 481 (405 SE2d 323) (1991) (broken nose and lacerated scalp constitute serious temporary disfigurement under OCGA § 16-5-24).

[8] *Stafford v. State*, 187 Ga. App. 401, 402 (1) (370 SE2d 646) (1988); see also *Robinson v. State*, 232 Ga. 123, 127 (3) (205 SE2d 210) (1974); *Thomas v. State*, 226 Ga. App. 441, 444 (8) (487 SE2d 75) (1997).

[9] 216 Ga. App. 333 (454 SE2d 205) (1995).