## A01A1177. MORRISON v. THE STATE.
(554 SE2d 190)

ELLINGTON, Judge.

A Cobb County jury convicted Clyde Morrison of armed robbery, OCGA § 16-8-41, and obstruction of an officer, OCGA § 16-10-24. Following the denial of his motion for new trial, Morrison appeals, contending that the trial court erred in admitting the statements of his nontestifying co-defendants, and that he was denied effective assistance of counsel. For the following reasons, we affirm.

1. Morrison contends the trial court violated his right under the United States and Georgia Constitutions to confront the witnesses against him in that the statements of his nontestifying co-defendants

---

inculpated him.

Viewed in the light most favorable to the verdict,[1] the evidence showed that at about 2:30 a.m. on August 5, 1998, four young men went to a convenience store. While David Jamaine Madric, Jr. and James Augustine Tallent remained in the car, Morrison and Donnell Reginald Wilder went into the store to rob it. Morrison and Wilder each had a shirt wrapped around his head to conceal his face and each carried a handgun. Wilder pushed one clerk against a cooler and demanded money. The other clerk opened the registers. Morrison and Wilder took cash from the register drawers and returned to the car. A police officer responding to the emergency dispatch saw a car leaving the area of the robbery and pursued it. The car stopped at an apartment complex, and the officer attempted to detain all four men. Before backup arrived, Morrison, Wilder and Madric ran away. The officer succeeded in detaining Tallent. Another officer arrived and interviewed Tallent who gave a statement and showed the officer where Morrison lived in the apartment complex. The officer went to Morrison's residence and found Morrison and Wilder inside. Morrison immediately admitted his involvement and gave a statement. Morrison, Madric and Tallent were tried together.

After a *Jackson-Denno*[2] hearing, the trial court ruled the statements of Morrison, Madric and Tallent would each be admissible. Counsel agreed to redacted versions so that each defendant's statement would not refer to any of his co-defendants. Morrison cites eight instances where the officer testifying as to the contents of Tallent's and Madric's statements referred to Morrison by name. Morrison contends this evidence violated his right to confrontation under the standards set forth in *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). See *Hanifa v. State*, 269 Ga. 797, 800 (2) (505 SE2d 731) (1998). The record shows, however, that Morrison made no *Bruton* objection at trial, and he is, therefore, foreclosed from raising this claim on appeal. *Sharpe v. State*, 272 Ga. 684, 689 (9) (531 SE2d 84) (2000).

2. In a related enumeration, Morrison contends his trial counsel's assistance was ineffective in failing to object to the admission of his co-defendants' statements. To prove his ineffective assistance of counsel claim, Morrison had to show that his counsel's performance fell below an objective standard of reasonableness and thereby prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Johnson v. State*, 266 Ga. 380, 381 (2) (467 SE2d 542) (1996).

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

Because Morrison's own inculpatory statement was admitted, any references in his co-defendants' statements to his participation in the robbery were cumulative; trial counsel's failure to object to such cumulative testimony was neither deficient nor prejudicial. *Peterson v. State*, 212 Ga. App. 147, 151 (4) (441 SE2d 481) (1994). Furthermore, because Morrison's defense was that he was coerced into participating by fear that Wilder would harm him and Tallent if he refused, repetitive *Bruton* objections would have served no purpose. Under these circumstances, counsel's decision not to object falls within the realm of trial strategy, which does not equate with ineffective assistance of counsel. *Williams v. State*, 239 Ga. App. 598, 599 (2) (521 SE2d 650) (1999). Finally, Morrison has not shown a reasonable probability that the outcome of the proceedings would have been different, but for counsel's alleged deficiency. See *Himmel v. State*, 246 Ga. App. 845, 850 (2) (d) (542 SE2d 557) (2000).

3. Morrison contends he was denied effective assistance of counsel in that his attorney repeatedly failed to object to the prosecutor's comments on his exercise of his constitutional right to silence. Morrison identifies twenty cross-examination questions, which allegedly implied such a comment, and three comments during the State's closing argument. A review of the State's cross-examination reveals that, after Morrison testified that he participated in the robbery only out of fear of harm to himself and Tallent, the prosecutor attempted to weaken that defense by highlighting every conceivable opportunity for seeking help that Morrison had passed up. The State's comments during closing were consistent with that attack on the coercion defense. Because all of the questions and comments related to Morrison's failure to act or speak before he was arrested, none implicated his right to silence while in custody and at trial. Therefore, the prosecutor's comments did not violate his right to silence under the United States Constitution. *Mallory v. State*, 261 Ga. 625, 630 (5) (409 SE2d 839) (1991) (discussing *Doyle v. Ohio*, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976); *Jenkins v. Anderson*, 447 U. S. 231 (100 SC 2124, 65 LE2d 86) (1980); *Fletcher v. Weir*, 455 U. S. 603 (102 SC 1309, 71 LE2d 490) (1982)).

As Morrison contends, however, Georgia evidence law provides greater protection than the constitutional minimum and prohibits prosecutorial comment on "prearrest silence." In *Jenkins v. Anderson*, the United States Supreme Court noted that states are not required to allow impeachment by prearrest silence and "remain[ ] free to formulate evidentiary rules defining the situations in which silence is

viewed as more probative than prejudicial." 447 U. S. at 240.[3] In *Mallory v. State*, the Supreme Court of Georgia laid down such an evidentiary rule, defining any comment on an accused's prearrest silence or failure to come forward as more prejudicial than probative and disallowing such comments "even where the defendant has not received *Miranda* warnings and where he takes the stand in his own defense." 261 Ga. at 630 (5).

In this case, Morrison took the stand at trial and provided evidence that he was coerced into participating in the armed robbery — in effect, that he himself was the victim of the crime of assault. The prosecutor's questions and argument related primarily to Morrison's failure to report the crime against himself or to seek police protection from his assailant before police officers identified him as a participant or questioned him. Although this line of impeachment arguably "touch[ed] upon"[4] Morrison's prearrest silence in the broadest sense, we find no violation of *Mallory v. State*. *Mallory v. State* addressed the introduction of defendant's pretrial statement "which included the question why appellant had not come forward to explain his innocence *when he knew that he was under investigation* and his answer that he was waiting for police to come to him." (Emphasis supplied.) 261 Ga. at 629 (5). We conclude the rule prohibiting comments regarding prearrest silence is properly limited to a defendant's silence *in the face of questions by an agent of the State*[5] or his failure to come forward *when he knew that he was the target of a criminal investigation. Wallace v. State*, 272 Ga. 501, 503 (2) (530 SE2d 721) (2000) (prohibiting evidence that the defendant reacted physically but did not admit anything when police questioned him about his wife's death); *Mallory v. State*, 261 Ga. at 629-630 (5); *Gordon v. State*, 250 Ga. App. 80 (550 SE2d 131) (2001) (prohibiting evidence that the defendant stood mute when police came to his house to investigate a shooting). We conclude that a prosecutor does not impermissibly comment on prearrest silence merely by showing that the accused's demeanor and conduct during and after the crime (but before an agent of the State questions him and before he knows he is being investigated) were inconsistent with a defense such as coercion or justification. See *Aleman v. State*, 227 Ga. App. 607, 608-609 (1) (489 SE2d 867) (1997); *Norris v. State*, 227 Ga. App. 616, 619 (4) (489 SE2d 875) (1997). See also *Hollis v. State*, 201 Ga. App. 224, 226 (4)

---

[3] We note that many states declined to accept the invitation in *Jenkins v. Anderson* to adopt such an evidentiary rule and have allowed impeachment by evidence of prearrest silence. See Impeachment of Defendant in Criminal Case by Showing Defendant's Prearrest Silence — State Cases, 35 ALR4th 731.

[4] *Wallace v. State*, 272 Ga. 501, 503 (2) (530 SE2d 721) (2000).

[5] See K. Jackson, The Right to Remain Silent: The Use of Pre-Arrest Silence in *United States v. Oplinger*, 150 F3d 1061 (5th Cir. 1998), 68 U. Cin. L. Rev. 505, 528 (2000).

(411 SE2d 48) (1991) (decided before *Mallory v. State*). In our view, defining "prearrest silence" to include the failure of an accused under the circumstances described here to report a crime or to seek police protection would unduly expand the scope and limits of the privilege against self-incrimination at the expense of the duty of the State to enforce the laws and the function of the courts to seek the truth.[6] Because the prosecutor's questions and argument in this case were not objectionable, the trial court correctly rejected Morrison's claim that he received ineffective assistance of counsel. *Taylor v. State*, 272 Ga. 559, 562 (2) (d) (532 SE2d 395) (2000) (where reference to defendant's silence was not objectionable, trial counsel's failure to object was not deficient assistance of counsel).

4. We have considered Morrison's remaining enumerations of error and have found each to be abandoned, without merit or moot.

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 9, 2001.

*Shandor S. Badaruddin*, for appellant.

*Patrick H. Head, District Attorney, Thomas A. Cole, Dana J. Norman, Assistant District Attorneys*, for appellee.

---

[6] See *Smith v. State*, 656 P2d 277 (Okla. Crim. App. 1982):
Once a defendant decides to testify, the interests of the other party and regard for the function of the courts of justice to ascertain the truth become relevant, and prevail in the balance of considerations determining the scope and limits of the privilege against self-incrimination. Thus, impeachment follows the defendant's own decision to cast aside his cloak of silence and advances the truthfinding function of the criminal trial.
(Citations and punctuation omitted.) Id. at 282-283.
[1] OCGA § 40-6-391 (a) (1), (5).