A07A1649. REYNOLDS v. THE STATE.
(658 SE2d 815)

SMITH, Presiding Judge.

Paul Reynolds appeals from his aggravated battery conviction and contends that he received ineffective assistance of counsel based on his trial counsel's failure to: (1) request a charge on a lesser included offense, (2) object to alleged improper closing argument by the prosecuting attorney, and (3) request a recharge on self-defense. For the reasons set forth below, we affirm.

"A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly

---

erroneous." (Citations and punctuation omitted.) *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992).

> The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's deficiency.

(Citation, punctuation and footnote omitted.) *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001).

> Although the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one.

*Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

1. Reynolds contends that he received ineffective assistance of counsel because his attorney failed to request a charge on the lesser included offense of simple battery. In order to evaluate this contention, we must examine the evidence presented at trial.

The record shows that the State charged Reynolds with aggravated battery for striking the victim in the mouth and causing a tooth to fall out.[1] The victim testified that Reynolds broke into her home while she was sleeping and started hitting her with an object, as well as his fists. He then dragged her outside the house and into his car, while continuing to hit her. After driving around with the victim and continuing to hit her, Reynolds returned the victim to her home stating, "I just gave you a ticket on your life because I like your kids."

The police arrived at the victim's home approximately ten to fifteen minutes later, because a neighbor had called them after hearing the earlier disturbance. The responding officer testified that the victim's lips were very swollen, her eye area was a little bruised, her mouth was bleeding, and she was missing a tooth. The victim

---

[1] The State also charged Reynolds with burglary and kidnapping, but the jury acquitted him of these charges.

testified her "whole shirt was bloody" after the incident and that a dentist placed a dental implant in her mouth as a result of her injuries.

The defendant testified and admitted that he struck the victim one time with the back of his hand in order to defend himself from the victim, who he claimed was the aggressor. Although he denied attacking or grabbing the victim, as well as any knowledge of her tooth loss, he admitted that it was possible that he knocked her tooth out during the "melee."

In the motion for new trial hearing, Reynolds testified that he discussed a charge on the lesser included offense of simple battery with his trial counsel and that he informed counsel that he wanted such a charge. When trial counsel later withdrew a written request to charge on the lesser included offense of simple battery, Reynolds "was totally lost" and "didn't know what was going on." Trial counsel testified that he told Reynolds he planned to withdraw this request to charge over Reynolds's objection because he did not have a legal basis to request it. Trial counsel could not recall what research led him to this conclusion, and he testified that his "research was very faulty in that area" and that he "was very ineffective."

We disagree with counsel's self-assessment. As in *McKissic v. State*, 201 Ga. App. 525, 526-527 (411 SE2d 516) (1991), Reynolds denied he was the aggressor and claimed he acted in self-defense.

> Under this evidence, appellant was either guilty of aggravated battery or not guilty of any crime. There is no construction of the evidence that would authorize a finding that appellant was neither guilty of aggravated battery nor justified in striking the victim, but . . . guilty only of committing one of the lesser included offenses of simple battery. . . .[2]

Trial counsel, therefore, was not ineffective for failing to request a charge on the lesser included offense of simple battery. See *McGlohon v. State*, 234 Ga. App. 382, 384 (506 SE2d 886) (1998); *Code v. State*, 255 Ga. App. 432, 434 (3) (565 SE2d 477) (2002).

2. Reynolds asserts his trial counsel was also ineffective for failing to object to the following argument made by the prosecutor during closing:

> And the law — the Judge is also going to tell you that self-defense is what is termed in the law of Georgia as an

---

[2] Our opinion in *Pearson v. State*, 216 Ga. App. 333, 334 (454 SE2d 205) (1995), does not require a different result, because in *Pearson*, the defendant's sole defense was that he committed only a lesser included offense. Id.

affirmative defense, which means that before you can even consider self-defense, you must find that Mr. Reynolds admits doing the act. He must admit each of these offenses and admit to doing each of them.

And then he says, I did it, but there is an explanation. I admit doing the act, but I'm telling you I'm justified. I have an excuse, or my actions [are] mitigated or minimized. I admit doing the act, but I have a reason. I'm justified. There is an excuse or some mitigation to minimize my actions. And of course the burden is always on the State to disprove to you beyond a reasonable doubt that this is not self-defense.

Now, first of all, I didn't hear Mr. Reynolds admit to doing this act, but maybe you did. I heard him admit to maybe slapping or swinging, but I didn't hear him admit to punching her five to seven times with an unknown object, knocking her teeth out. . . .

If you did hear him admit to that, then you would next move to the next step to see if he was justified in his actions.

In the motion for new trial hearing, trial counsel testified that this argument was objectionable and that he "was remiss in [his] representation in that one area."

Reynolds asserts that he is entitled to a new trial because the State's closing argument "is a wholly inaccurate statement of the law and stripped Appellant of his sole defense as said improper argument instructed the jury that Appellant had to accept the alleged victim's version of the incident in order to employ his sole defense of justification." The State's argument, however, was not "wholly inaccurate." It correctly asserted that a defendant must admit the underlying acts of the charged offenses before justifying those acts with a claim of self-defense. See *Love v. State*, 194 Ga. App. 601, 602 (1) (391 SE2d 447) (1990). In this case, the indictment alleged that Reynolds committed aggravated battery by striking the victim and causing her tooth to fall out.

To the extent the State may have exceeded the proper scope of argument by asserting that Reynolds was required to admit "to punching her five to seven times with an unknown object, knocking her teeth out," we find no reasonable probability that trial counsel's failure to object altered the outcome of the trial. After the State's closing argument, the trial court properly charged the jury on self-defense, on the fact that counsel's arguments were not evidence, and

on the principle that the jury was bound by the trial court's instructions on the law. Additionally, the jury heard Reynolds testify that it was possible that the victim's tooth fell out while he was defending himself, which fulfilled the State's admonition to apply the law of justification if the jury heard the defendant admit committing the act in order to defend himself. Under these circumstances, we find that Reynolds has failed to meet his burden of proving prejudice from trial counsel's failure to object.

3. Reynolds asserts that his counsel was ineffective for failing to object to the prosecutor's comment in closing argument about Reynolds's failure to stay at the victim's home that night "and call the police or wait for police to respond to give his version of facts." In the motion for new trial hearing, trial counsel testified that his failure to object to this comment was "prejudicial and reversible error."[3] Once again, we disagree with counsel's assessment of his own ineffectiveness.

In *Mallory v. State*, 261 Ga. 625, 630 (5) (409 SE2d 839) (1991), the Georgia Supreme Court held that it is improper for the State to "comment upon a defendant's silence or failure to come forward" even if the defendant testified at trial or had not received *Miranda* warnings. Id. This court later held that "the rule prohibiting comments regarding prearrest silence is properly limited to a defendant's silence *in the face of questions by an agent of the State* or his failure to come forward *when he knew that he was the target of a criminal investigation*." (Citation and footnote omitted.) *Morrison v. State*, 251 Ga. App. 161, 164 (3) (554 SE2d 190) (2001). See also *Roebuck v. State*, 261 Ga. App. 679, 684 (4) (583 SE2d 523) (2003); *Glidewell v. State*, 279 Ga. App. 114, 123-124 (7) (d) (630 SE2d 621) (2006). Because the prosecutor's comment falls within this well-established exception to the prohibition against commenting on a defendant's silence,[4] Reynolds's trial counsel did not provide ineffective assistance by failing to object. *Glidewell*, supra.

4. In his remaining claim of ineffective assistance, Reynolds asserts his trial counsel should have requested a recharge on self-defense when the trial court granted the jury's request to recharge them on the crimes alleged in the indictment. We find no merit in this

---

[3] We observe that trial counsel's conclusory testimony invades the province of the fact-finder with regard to whether his representation was ineffective and our province with regard to whether it was "reversible error." We are also troubled by his repeated, and incorrect, conclusory assertions that he provided ineffective representation.

[4] We note that this line of cases was not cited by counsel for either party in their briefs before this court, even though appellate counsel was counsel of record in one of them. See *Glidewell*, supra (unanimous whole court decision); Georgia Rule of Professional Conduct 3.3 (a) (3).

claim based upon trial counsel's testimony that he "did not request a recharge on self-defense purely as a strategic matter because [he] felt like the jury was close to acquitting Mr. Reynolds on the entire case." "[T]rial strategy and tactics do not equate with ineffective assistance of counsel." (Citation, punctuation and footnote omitted.) *Hazelrigs v. State*, 255 Ga. App. 784, 786 (2) (567 SE2d 79) (2002).

Judgment affirmed. *Barnes, C. J., and Miller, J., concur.*

DECIDED MARCH 5, 2008 —

*Brian Steel*, for appellant.

*Daniel J. Porter, District Attorney, Deborah R. Fluker, Assistant District Attorney*, for appellee.