## S08G1123. REYNOLDS v. THE STATE.
### (673 SE2d 854)

HINES, Justice.

We granted certiorari to the Court of Appeals in *Reynolds v. State*, 290 Ga. App. 44 (658 SE2d 815) (2008), to consider whether the rule of *Mallory v. State*, 261 Ga. 625, 630 (5) (409 SE2d 839) (1991),[1] that the prosecutor may not comment on a defendant's pre-arrest silence, is limited to circumstances described in *Morrison v. State*, 251 Ga. App. 161, 164 (3) (554 SE2d 190) (2001). Finding that it is not, we reverse and remand.

Paul Edward Reynolds was tried before a jury and convicted of aggravated battery stemming from a domestic dispute. Both the trial court and the Court of Appeals rejected his claim of ineffective assistance of trial counsel. Regarding the sole issue on certiorari, during closing argument the prosecutor stated, "I want you to consider that Mr. Reynolds had the opportunity to stay . . . that night and call the police or wait for police to respond to give his version of the facts." The Court of Appeals determined that trial counsel did not provide ineffective assistance by failing to object to such comment. The Court of Appeals acknowledged that this Court in *Mallory v. State* held that "it is improper for the State 'to comment upon a defendant's silence or failure to come forward' even if the defendant testified at trial or had not received *Miranda* warnings"; nevertheless, the Court of Appeals relied upon its holding in *Morrison v. State*[2] that "the rule prohibiting comments regarding prearrest silence is properly limited to a defendant's silence *in the face of questions by an*

---

by receiving," but not burglary because he "didn't intend to do anything except seek shelter."

[1] *Mallory* was overruled on other grounds by *Chapel v. State*, 270 Ga. 151, 154-156 (4) (510 SE2d 802) (1998), see *Clark v. State*, 271 Ga. 6, 10 (5) (515 SE2d 155) (1999).

[2] The Court of Appeals additionally cited *Glidewell v. State*, 279 Ga. App. 114, 123-124 (7) (d) (630 SE2d 621) (2006), and *Roebuck v. State*, 261 Ga. App. 679, 684 (4) (583 SE2d 523) (2003), which applied *Morrison*.

*agent of the State* or his failure to come forward *when he knew that he was the target of a criminal investigation.*" (Emphasis in original.) *Reynolds v. State,* supra at 48 (3). But, such limitations to the prohibition against commenting on a defendant's silence are ill-founded.

In *Mallory,* this Court expressly acknowledged that the United States Supreme Court has held that where no government action has induced a defendant's pre-arrest silence, and where the defendant has testified at trial, thereby waiving the privilege against self-incrimination, the State may comment at trial upon the fact that the defendant did not voluntarily come forward. Id. at 629 (5); *Fletcher v. Weir,* 455 U. S. 603 (102 SC 1309, 71 LE2d 490) (1982); *Jenkins v. Anderson,* 447 U. S. 231 (100 SC 2124, 65 LE2d 86) (1980). However, this Court further noted that Georgia, as every other state jurisdiction, remained " 'free to formulate evidentiary rules defining the situations in which silence is viewed as more probative than prejudicial.' " *Mallory* at 630 (5), quoting *Jenkins v. Anderson,* supra. This Court then necessarily addressed OCGA § 24-3-36, which provides that "[a]cquiescence or silence, when the circumstances require an answer, a denial, or other conduct, may amount to an admission." Consequently, we concluded that "a comment upon a defendant's silence or failure to come forward is far more prejudicial than probative." *Mallory* at 630 (5). Accord *Landers v. State,* 270 Ga. 189, 190 (2) (508 SE2d 637) (1998); *Jarrett v. State,* 265 Ga. 28, 29 (1) (453 SE2d 461) (1995). In criminal cases, such a comment is not to be permitted even in the situations in which the defendant has not received *Miranda* warnings or takes the stand in his own defense. *Mallory* at 630 (5). This holding in *Mallory* is merely the recognition that the General Assembly has, by its enactment of OCGA § 24-3-36, formulated an evidentiary rule which dictates that under certain circumstances, a defendant's silence or inaction, will rise to the level of an admission; certainly in the situation of a criminal defendant, this failure to speak or act will most often be judged as evidence of the admission of criminal responsibility. Thus, the element of prejudice is indisputable.

Yet, despite the clarity of the bright-line evidentiary rule enunciated in *Mallory,* the Court of Appeals in *Morrison* determined that the prohibition extended only to the two circumstances previously noted: when questioning by a State agent is met with the defendant's silence or when the defendant fails to come forward in the face of the defendant's knowledge of being the focus of a criminal investigation. *Morrison* at 164 (3). The only justification for these restrictions of *Mallory* was an attempt to distinguish and limit *Mallory* on its facts. But, such factual differences fail to provide support for the eroding of this Court's determination of the potential for prejudice stemming

from the State's comment on a defendant's pre-arrest silence. Indeed, this Court has continued to recognize and adhere to the rule of *Mallory*, unencumbered by the limitations engrafted by *Morrison*. See *Lampley v. State*, 284 Ga. 37, 38-39 (2) (b) (663 SE2d 184) (2008); *Jackson v. State*, 282 Ga. 494, 497 (2) (651 SE2d 702) (2007); *Moore v. State*, 278 Ga. 397, 399 (2) (a) (603 SE2d 228) (2004); *Pearson v. State*, 277 Ga. 813, 817 (5) (b) (596 SE2d 582) (2004). The exclusions stated in *Morrison* and its progeny conflict with the applicable holding in *Mallory*, and such cases are hereby overruled.

Accordingly, the judgment of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for consideration consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED FEBRUARY 23, 2009.

*Brian Steel*, for appellant.
*Daniel J. Porter, District Attorney, Jon W. Setzer, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.