## A07A1649. REYNOLDS v. THE STATE.
### (685 SE2d 346)

SMITH, Presiding Judge.

In *Reynolds v. State*, 290 Ga. App. 44 (658 SE2d 815) (2008) (*Reynolds I*), Paul Reynolds appealed from his aggravated assault conviction and asserted that he received ineffective assistance of counsel on four separate grounds. We affirmed his conviction, in part, based upon this court's decision in *Morrison v. State*, 251 Ga. App. 161, 164 (3) (554 SE2d 190) (2001). In *Reynolds v. State*, 285 Ga. 70, 72 (673 SE2d 854) (2009) (*Reynolds II*), the Supreme Court overruled *Morrison*, supra, and its progeny, reversed our opinion in *Reynolds I*, and remanded this case for consideration consistent with the Supreme Court's opinion.

1. Because three of the ineffective assistance claims raised by Reynolds are not affected by the Supreme Court's decision in *Reynolds II*, supra, we find no merit in them for the reasons stated in Divisions 1, 2 and 4 of *Reynolds I*, supra.

2. Based upon the Supreme Court's holding in *Reynolds II*, supra, we conclude that trial counsel's performance was deficient because he failed to object to the following closing argument by the State:

> I want you to consider that Mr. Reynolds had the opportunity to stay at [the victim's home] that night and call the police or wait for police to respond to give his version of the facts. But we have all heard his version of the facts for the first time today on the witness stand. 17 months after this incident occurred is the first time that we have all heard what his version of the events are, after all of the State's witnesses have testified and he has had an opportunity to hear what each of our witnesses have said so that he can tell his testimony to fit what is best suited for him. Consider — consider that.

In *Reynolds II*, supra, the Supreme Court explained that its prohi-

bition against comment upon a defendant's silence or failure to come forward is a "bright-line evidentiary rule" and that its opinion in *Mallory v. State*, 261 Ga. 625 (409 SE2d 839) (1991), should not be limited to its facts. 285 Ga. at 71.

Having found that trial counsel's performance was deficient,[1] we must now consider "whether there is a reasonable probability that the outcome of the [trial] would have been different, but for counsel's deficiency." (Citation, punctuation and footnote omitted.) *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001). The evidence before the jury in this case was conflicting, as outlined in *Reynolds I*, supra, and the only eyewitnesses who testified were the victim and Reynolds. Reynolds claimed he hit the victim in self-defense because she was trying to stab him with a screwdriver because she was jealous of another woman. His defense also included the assertion that the victim was a drug user who "love[d] Ecstasy," which made her "hyped up" and "violent."

While the police officers testified about the injuries they observed on the victim after her altercation with Reynolds, they did not witness how her injuries occurred. The jury also heard evidence that the victim pled guilty to giving a false name to a police officer during a traffic stop. After considering the contradictory evidence before it, the jury decided to acquit Reynolds of the burglary and kidnapping charges arising out of the same continuing incident.

Based upon this conflicting evidence and the jury's acquittal of Reynolds on two related charges, we conclude that a reasonable probability exists that the outcome would have been different but for trial counsel's deficient performance. See *Maynard v. State*, 282 Ga. App. 598, 600-601 (2) (639 SE2d 389) (2006) (reversing conviction when prosecutor's comment on defendant's silence was not inadvertent and evidence was conflicting); *Gordon v. State*, 250 Ga. App. 80, 82 (550 SE2d 131) (2001) (reversing conviction when prosecutor stressed defendant's failure to tell his side of story, evidence was conflicting, comment affected success or failure of affirmative defense, and jury acquitted defendant on several counts). As a result, we reverse Reynolds's conviction for aggravated assault and remand this case to the trial court for a new trial.

*Judgment reversed and case remanded. Miller, C. J., and Barnes, J., concur.*

---

[1] We note that trial counsel did *not* testify in the motion for new trial hearing that he chose not to object to the prosecutor's closing argument based upon this court's decision in *Morrison*, supra, or its progeny. When asked whether he decided not to object based upon trial strategy, trial counsel provided this unresponsive answer, "Yes, I think it's prejudicial and reversible error." Id. After an additional question from appellate counsel, trial counsel admitted that he "missed it."

DECIDED OCTOBER 7, 2009.

*Brian Steel*, for appellant.

*Daniel J. Porter, District Attorney, Deborah R. Fluker, Assistant District Attorney*, for appellee.