S12A0764. SCOTT v. THE STATE.
(728 SE2d 238)

THOMPSON, Justice.

Appellant Steven Scott was convicted of felony murder, aggravated assault and possession of a firearm during the commission of a crime in connection with the shooting death of Dan Smith, the boyfriend of Scott's sister.[1] He appeals from the denial of his motion for new trial, contending the trial court erred by excluding from trial

---

[1] The crimes occurred on April 1, 2008. Appellant was indicted by a DeKalb County grand jury on June 26, 2008, on charges of malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony. He was found guilty by a jury on March 10, 2010 of felony murder, aggravated assault and possession of a firearm. The jury did not reach a verdict on the malice murder charge. Appellant was sentenced the same day to life in prison on the felony murder count and a consecutive five-year term of imprisonment for the possession count. The aggravated assault count merged by operation of law, *Malcolm v. State*, 263 Ga. 369, 373-374 (434 SE2d 479) (1993), and the malice murder count of the indictment was dead docketed. Appellant filed a motion for a new trial on March 31, 2010, which was amended on August 30, 2011. The trial court denied the motion for new trial on October 5, 2011. Appellant filed a notice of appeal on November 3, 2011. The appeal was docketed to the April 2012 term of this Court and orally argued on April 16, 2012.

evidence that the victim had been molesting appellant's niece and refusing to charge the jury on the lesser included offense of voluntary manslaughter. For the reasons that follow, we reverse.

1. Viewed in the light most favorable to the verdict, the evidence authorized the jury to conclude that on the day of the crimes appellant's 16-year-old niece told him she had been molested by the victim. Appellant walked to a convenience store to get a beer, which he stated calmed him down, then returned home to continue talking to his niece. When the child's mother and the victim arrived to pick her up, the child, her mother, and appellant went inside the house to talk privately. Minutes later, appellant exited the house, asked the victim why he did it, and fatally shot the victim as he sat in his car. We conclude the evidence was sufficient to enable a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by refusing to charge the jury on the lesser included offense of voluntary manslaughter. Voluntary manslaughter occurs when one kills another human being under circumstances which would otherwise be murder, if the killer "acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a). " 'On the trial of a murder case, if there be any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given the jury.' *Banks v. State*, 227 Ga. 578, 580 (182 SE2d 106) [(1971)]." *Henderson v. State*, 234 Ga. 827, 832 (218 SE2d 612) (1975).

In this case, appellant proffered evidence supporting an inference that he shot the victim in the heat of passion during a confrontation about the victim's molestation of appellant's niece. Appellant testified he learned of the molestation one or two hours before the shooting. Immediately prior to the shooting, appellant's sister, when informed about the molestation, stated she did not believe her daughter. Appellant stated he then retrieved his gun for his own protection and went outside to talk to the victim. Appellant asked the victim why he did it, and the victim taunted him by saying "she's my b----, I can do whatever I want." At that point, appellant stated he "lost it," "blacked out," and started shooting. In light of this testimony, we conclude the slight evidence necessary to show provocation to support

a charge on voluntary manslaughter was present.[2] See *Glidewell v. State*, 279 Ga. App. 114 (1) (630 SE2d 621) (2006) (evidence supported voluntary manslaughter charge where husband discovered spouse's intent to take child with her to meet paramour at hotel), overruled on other grounds, *Reynolds v. State*, 285 Ga. 70 (673 SE2d 854) (2009); *Banks v. State*, 184 Ga. App. 504 (362 SE2d 227) (1987) (evidence that defendant shot victim after learning victim was beating his daughter sufficient to warrant voluntary manslaughter charge), overruled in part on other grounds, *Ross v. State*, 279 Ga. 365 (2) (614 SE2d 31) (2005). Compare *Brown v. State*, 270 Ga. 601 (3) (512 SE2d 260) (1999). While we adhere to the view that "words alone, regardless of the degree of their insulting nature, will not in any case justify the excitement of passion so as to reduce the crime from murder to manslaughter," (punctuation omitted) *Brooks v. State*, 249 Ga. 583, 586 (292 SE2d 694) (1982), in this case there is slight evidence from which a jury could conclude the victim's words in connection with his conduct served as the "serious provocation sufficient to excite . . . a sudden, violent and irresistible passion." OCGA § 16-5-2 (a). See *Todd v. State*, 274 Ga. 98 (4) (549 SE2d 116) (2001); *Strickland v. State*, 257 Ga. 230 (2) (357 SE2d 85) (1987); *Washington v. State*, 249 Ga. 728, 731 (292 SE2d 836) (1982). Accordingly, it was error not to instruct the jury on the lesser included charge of voluntary manslaughter and under the circumstances of this case, we cannot say the error was harmless.

3. It follows that the trial court's ruling that appellant could not introduce evidence relevant to prove provocation was harmful error. See OCGA § 24-2-1; *Brown v. State*, supra, 270 Ga. at 601-602 ("Evidence is relevant and, therefore, admissible it if tends to prove a material issue in the case.").

*Judgment reversed. All the Justices concur.*

DECIDED MAY 29, 2012.

*Gerard B. Kleinrock*, for appellant.

---

[2] The State contends the only provocation was the niece's disclosure of the molestation, and thus, there was a sufficient cooling period. See OCGA § 16-5-2 (a) ("if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard . . . the killing shall be attributed to deliberate revenge and be punished as murder"). This argument, however, ignores the cumulative effect of the victim's alleged conduct, appellant's discovery of the molestation, his sister's refusal to believe her daughter, and the victim's taunt that the child was his "b---- [and he could] do whatever [he] want[ed]."

*Robert D. James, District Attorney, Daniel J. Quinn, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine R. Thrower, Assistant Attorney General*, for appellee.