**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 2, 2017**

# In the Court of Appeals of Georgia

A17A0010. COOPER v. THE STATE.

BARNES, Presiding Judge.

Following the denial of his motion for new trial, Jacquez M. Cooper appeals his convictions for armed robbery, aggravated assault and possession of a firearm or knife during the commission of a felony.[1] He was sentenced to twenty years, to serve twelve, for the robbery conviction, a concurrent sentence of twenty years probation for the assault conviction, and a consecutive five-year sentence of probation for the possession of a firearm or knife conviction.

On appeal, Cooper contends that the evidence was insufficient to sustain his convictions, and that the trial court's charge on inference of guilt based on recent

---

[1] This appeal was originally filed in the Supreme Court of Georgia. However, upon finding that Cooper's constitutional challenge did not fall within the ambit of the Supreme Court's jurisdiction, the appeal was transferred to this Court. We therefore conclude that the constitutionality of OCGA § 5-3-20 is not properly an issue in this appeal. See *Zepp v. Mayor & Council of City of Athens*, 255 Ga. 449, 450 (2) (339 SE2d 576) (1986).

possession of stolen property was unconstitutional as applied to his case, was an improper comment on his guilt, and was in direct conflict with other jury charges. Cooper also contends that trial counsel was ineffective, and that the trial court erred in charging on accomplice liability.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. *Harris v. State*, 307 Ga. App. 847, 847 (706 SE2d 702) (2011). This Court "does not weigh the evidence or judge the credibility of the witnesses but only determines whether the evidence to convict is sufficient under the standard of *Jackson v. Virginia* [443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979)]". (Citation omitted.) *Krauss v. State*, 263 Ga. App. 488, 488 (1) (588 SE2d 239) (2003). Any conflicts in the testimony of the witnesses "are a matter of credibility for the jury to resolve. . . . So long as there is some competent evidence, even though contradicted, to support each element of the State's case, the jury's verdict will be upheld." (Citations omitted.) Id.

Viewed in this light, the evidence demonstrates that on October 7, 2014 at approximately 1:30 a.m., the victim, who was homeless and walking toward an overpass where he planned to sleep for the night, approached two men who were

standing on the sidewalk. One man appeared to be arguing with someone on his cell phone, and the other man was standing nearby. As he walked passed them, one of the men pulled out a 9 millimeter pistol and struck the victim in the head. The man followed the victim as he stumbled away into the street, and pointed the gun at the victim and ordered him on the ground. The man on the cell phone did not follow them into the street, but stayed on the sidewalk and did not intervene. The man asked for his wallet, but the victim did not have one, so the man demanded his backpack. The victim saw the man "quickly walk[] away across the street," and heard a gunshot, but did not see who fired the gun.

The victim called 911 and responding officers noted that the victim appeared very upset and that his face was bloody. An officer responding to a BOLO (be on the lookout) for the suspects, located two men that matched the victim's description about a half-mile away from the crime scene. The men were sweating and out of breath when police stopped them, and one of them, later identified as Cooper, was wearing a backpack that matched the description of the one stolen from the victim, and was also in possession of a 9 millimeter pistol. Cooper told police that he found the backpack and gun on the side of the road. The victim was taken to the scene, where he positively identified his backpack, the contents, and the two robbers. He

also identified Cooper as the man who robbed him and assaulted him at trial. The victim also told police that the men took $25 from his person, but later admitted that he had lied and that no money was stolen from him.

Cooper and the other man, later identified as Michael Odus, were indicted for armed robbery, aggravated assault, and possession of a firearm or knife during the commission of a felony. Following a joint trial, at which Odus testified, and Cooper did not, Cooper was found guilty of all charges, and Odus was acquitted.

1. Cooper contends that the evidence was insufficient to sustain his convictions. We do not agree.

In this case, the victim identified Cooper as one of the two robbers, and as the robber who had struck him with a gun. See OCGA § 24-14-8 ("The testimony of a single witness is generally sufficient to establish a fact.") Moreover, within minutes of the 911 call, Cooper was apprehended a short distance from the attack in possession of the victim's backpack and a 9 millimeter pistol. Even if, as Cooper argues, the victim only assumed that Cooper was the one who struck him because he was in possession of the gun, "[c]ircumstantial evidence of identity may be sufficient to enable a rational trier of fact to find a defendant guilty beyond a reasonable doubt." *Onumah v. State*, 313 Ga. App. 269, 272 (3) (721 SE2d 115) (2011).

4

Having considered the evidence above as well as other evidence presented at trial under the standard appropriate for our review, we find it sufficient beyond a reasonable doubt to prove that Cooper was the perpetrator of the crimes charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

To the extent that Cooper maintains that the trial court did not properly exercise its discretion as the thirteenth juror in weighing the evidence, the trial court's statements in its order denying the motion for new trial specifically noted that, in acting as the thirteenth juror pursuant to OCGA § 5-5-20 and OCGA § 5-5-21, it "reviewed the record and [found] that the verdict is neither contrary to the law or the evidence; in fact, the court finds the verdict is decidedly supported by the weight of the evidence." See OCGA §§ 5-5-20 and 5-5-21; *Walker v. State*, 292 Ga. 262 (2) (statutes "afford the trial court broad discretion to sit as a 'thirteenth juror' and weigh the evidence on a motion for new trial alleging these general grounds.") (punctuation and citation omitted.) "A trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict." (Citation and punctuation omitted)*Parker v. State*, 244 Ga. App. 419, 421 (2) (535 SE2d 795) (2000). We discern no such abuse in this case.

2. Cooper contends that the trial court's charge on inference of guilt based on recent possession of stolen property was unconstitutional as applied to his case because it required him to provide a reasonable explanation for his possession of the property and thus dispel an inference of guilt, which would violate his Fifth Amendment privilege against self incrimination. We do not agree.

The trial court instructed the jury that:

[I]f you should find beyond a reasonable doubt that the crime of armed robbery has been committed as charged in this indictment and that certain personal property as set forth in the indictment was stolen as a result of such crime and if recently thereafter the defendant should be found in possession of any of the stolen property, that would be a circumstance along with all the other evidence from which you may infer guilt as to the charge of armed robbery as set forth in Count 1 of this indictment. If you find the evidence merits such an inference, you may not draw an inference of guilt if from the evidence there is a reasonable explanation of the possession of such property consistent with a plea of innocence which is a question solely for you, the jury, to determine.

Regarding the complained-about language in the charge,

[i]t has long been settled in this state that recent unexplained possession of stolen property permits the jury to infer that the accused committed the theft. It should be emphasized that the recent unexplained possession

6

creates only a permissible inference of guilt of a "presumption of fact," . . . which the jury may or may not draw. Whether the charge is fashioned in the language of "inferences" or "presumptions," the technical import of the charge is the same, especially where the "presumption" is expressly qualified in the charge as one of evidence and not of law. Read in the light of the entire charge to the jury, including full charges on reasonable doubt, the [S]tate's burden of proof and the presumption of innocence, that portion of the charge complained of here cannot be said to have either reduced the [S]tate's burden of proving guilt or shifted to the petitioner the burden of proving his innocence. The charge, taken as a whole, left the burden of persuasion on the [S]tate.

(Citations and punctuation omitted.) *Byrd v. Hopper*, 234 Ga. 248, 250-51 (215 SE2d 251) (1975). Accordingly, this enumeration fails.

3. Cooper further contends that the charge on inference of recent possession was an improper comment on his guilt by the trial judge in violation of OCGA § 17-8-57. We do not agree.

OCGA § 17- 8-57, at the time of Cooper's April 2015 trial provided:

It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case

7

reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.[2]

This Code section is violated only when the trial court's instruction "considered as a whole, assumes certain things as facts and intimates to the jury what the judge

---

[2] Effective July 1, 2015, OCGA § 17-8-57 was amended to provide: (a) (1) It is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused. (2) Any party who alleges a violation of paragraph (1) of this subsection shall make a timely objection and inform the court of the specific objection and the grounds for such objection, outside of the jury's hearing and presence. After such objection has been made, and if it is sustained, it shall be the duty of the court to give a curative instruction to the jury or declare a mistrial, if appropriate. (b) Except as provided in subsection (c) of this Code section, failure to make a timely objection to an alleged violation of paragraph (1) of subsection (a) of this Code section shall preclude appellate review, unless such violation constitutes plain error which affects substantive rights of the parties. Plain error may be considered on appeal even when a timely objection informing the court of the specific objection was not made, so long as such error affects substantive rights of the parties.

(c) Should any judge express an opinion as to the guilt of the accused, the Supreme Court or Court of Appeals or the trial court in a motion for a new trial shall grant a new trial."

believes the evidence to be." (Punctuation and footnote omitted.) *Martinez v. State*, 325 Ga. App. 267 (750 SE2d 504) (2013).

Here, the trial court's comments did not constitute a comment before the jury on a disputed issue of fact or intimate an opinion about Cooper's guilt, but merely instructed the jury on the permissible inference of possession. The trial court also instructed the jury that "by no ruling or comment that the court has made during the progress of the trial has the court intended to express any opinion from the facts of the case, upon the credibility of the witnesses, upon the evidence, or upon the guilt or innocence of the defendant." Accordingly, considering the court's instructions as a whole, the court did not intimate to the jury what it believed the evidence to be.

4. Cooper next contends that trial counsel was ineffective for failing to object to the charge on inference of recent possession. We find this contention meritless.

> To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. See *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. In reviewing the trial court's decision, we accept the trial court's factual findings and

9

credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. Furthermore, there is a strong presumption that the performance of counsel was within the wide range of reasonable professional lawyering, and we cannot reach a contrary conclusion unless defendant successfully rebuts the presumption by clear and convincing evidence. Judicial scrutiny of counsel's performance must be highly deferential.

(Citations and punctuation omitted.) *Littlejohn v. State*, 320 Ga. App. 197, 205-206 (5) (739 SE2d 682) (2013).

As explained in Division 2, Cooper's contention regarding the language in the trial court's instruction on the inference of guilt related to recent possession is meritless, and "[f]ailure to make a meritless or futile objection or motion cannot be evidence of ineffective assistance." (Citations omitted) *Owens v. State*, 271 Ga. App. 365, 370 (5) (609 SE2d 670) (2005). Accordingly, this assertion does not provide a basis for finding Cooper's trial counsel ineffective.

5. We also find no merit in Cooper's contention that the trial court erred in charging on accomplice liability. He essentially asserts that the accomplice charge was not supported by the evidence, because Odus, his co-defendant, testified at trial and denied committing the crimes. Thus, Cooper maintains, because he did not

testify, there is no evidence that he was an accomplice to the crime. We find no merit to this argument.

"To authorize a requested jury instruction, there need only be slight evidence supporting the theory of the charge." *Hicks v. State*, 287 Ga. 260, 262 (2) (695 SE2d 195) (2010); accord *Scott v. State*, 291 Ga. 156 (2) (728 SE2d 238) (2012); *Webb v. State*, 284 Ga. 122 (4) (663 SE2d 690) (2008). It is a question of law whether the evidence presented is sufficient to authorize the giving of a particular charge. *Hicks*, 287 Ga. at 262. Moreover,

> While there is [conflicting] evidence regarding precisely "who did what" . . . there is ample evidence to implicate [Cooper] either as a principal or as a party to the crimes. See OCGA § 16-2-20 (persons "concerned in the commission of a crime," by way of intentionally aiding and abetting or intentionally advising, encouraging, or counseling another to commit such crime, may be charged with and convicted of commission of the crime); see also *Hassel v. State*, 294 Ga. 834 (1) (755 SE2d 134) (2014) (evidence regarding defendant's presence at crime scene, motive, and conduct before and after crime was sufficient to establish guilt as an accomplice); *Rush v. State*, 294 Ga. 388, 389 (1) (754 SE2d 63) (2014) ("[p]resence, companionship, and conduct before and after an offense is committed are circumstances from which participation in the criminal act may be inferred").

*Babbage v. State*, 296 Ga. 364, 366-367 (1) (768 SE2d 461) (2015).

11

"Where, as here, there is slight evidence supporting a finding that a witness was an accomplice, the jury should be given proper guidance not only on how to decide whether the witness was in fact an accomplice but also on the extent to which it can rely on that witness' testimony by itself to support a conviction." *Hamm v. State*, 294 Ga. 791, 796 (2) (756 SE2d 507) (2014). See *Jones v. State*, 268 Ga. 12, 14 (1) (483 SE2d 871) (1997) ("it is for jury to determine whether the witness is an accomplice") (citation and punctuation omitted). Accordingly, the trial court did not err in charging the jury on accomplice.

*Judgment affirmed. McMillian and Mercier, JJ., concur.*