## A04A2273. JACKSON v. THE STATE.
### (605 SE2d 876)

BLACKBURN, Presiding Judge.

Following a jury trial, Patrick Jackson a/k/a Patrick Outler appeals his conviction for false imprisonment, aggravated assault, and criminal trespass, contending that the trial court erred by: (1) denying his request for a continuance or evidentiary sanctions against the State following the State's alleged failure to provide discovery regarding a prior difficulty between Jackson and the victim and (2) admitting opinion testimony from two police officers that a toy gun used during the crimes had the appearance of a real gun. For the reasons set forth below, we affirm.

1. Jackson contends that the trial court erred by denying his request for a continuance or evidentiary sanctions against the State following the State's alleged failure to provide discovery regarding a prior difficulty between Jackson and the victim.

Greatly summarized, the crimes for which Jackson was convicted in this case regarded an instance in which Jackson broke into his ex-girlfriend's house and, using a toy gun, forced her to get into a car and drive to Florida with him. Approximately eight months prior to this incident, Jackson was indicted for entering his ex-girlfriend's home, stabbing her, and then forcing her to leave the scene with him in his truck. After Jackson was indicted for this prior incident, his ex-girlfriend asked that the case against him be dismissed for personal reasons. At Jackson's trial in the present case, the trial court allowed the State to elicit evidence regarding the earlier incident as a "prior difficulty" between the parties.

As a general matter,

> [e]vidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act

against the victim which results in the charges for which the defendant is being prosecuted.

*Mallory v. State.*[1] In addition, the State is not required to give pretrial notice of prior difficulties evidence. *Wall v. State.*[2] Accordingly, the prior difficulties evidence was admissible.

Nonetheless, Jackson argues that, because the State failed to grant him access to the criminal file regarding the prior incident, the trial court erred by denying his request for either a continuance to research the details of the prior difficulty or an evidentiary sanction against the State, namely the exclusion of the prior difficulty evidence. We disagree.

OCGA § 17-16-6 provides:

> If at any time during the course of the proceedings it is brought to the attention of the court that the state has failed to comply with the requirements of this article, the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances.

The record shows that, on March 5, 2003, Jackson filed a general discovery request with the State, and Jackson does not contend that the State failed in any way to provide him with discovery regarding the crime for which he was being tried. Jackson argues only that the State failed to provide him with files regarding the prior difficulty.

It is undisputed, however, that prior to trial, Jackson's attorney and the prosecutor viewed tapes of statements from both Jackson and his ex-girlfriend in which they discussed the prior difficulty. In addition, the prosecutor offered Jackson's attorney the opportunity to look at the State's files regarding the prior difficulty. Furthermore, there is no question that Jackson and his attorney were well aware of the prior difficulty before his trial began. In fact, while making his argument regarding discovery, Jackson's attorney stated: "Everybody in this case is aware that these folks had a problem before. Everybody has mentioned it left and right."

---

[1] *Mallory v. State*, 271 Ga. 150, 154 (7) (517 SE2d 780) (1999).
[2] *Wall v. State*, 269 Ga. 506 (500 SE2d 904) (1998).

Under these circumstances, the trial court did not abuse its discretion by denying both Jackson's motion for a continuance and his request that the State be prevented from introducing evidence of the prior difficulty.

It does not appear that the State violated its discovery obligations in this case. The prosecutor clearly stated and Jackson's attorney did not deny that the State indicated that its files regarding the prior difficulty could be reviewed. Furthermore, even if Jackson were correct that the State violated discovery in this case, he has wholly failed to provide any evidence that the State acted in bad faith, thereby obviating his argument that evidence of the prior difficulty should have been excluded. Concomitantly, even if the State had violated discovery, Jackson has also failed to show that he was harmed by the trial court's denial of his request for a continuance. To the contrary, the transcript shows that his counsel thoroughly and effectively cross-examined Jackson's ex-girlfriend about the prior difficulty.

Accordingly, this enumeration lacks merit.

2. Jackson contends that the trial court erred by admitting opinion testimony from Officer Thrift and Officer Burke that a toy gun used during the crimes had the appearance of a real gun.

The record shows that Jackson was charged with aggravated assault through use of a replica of a deadly weapon. See OCGA § 16-5-21. One who uses a toy gun to commit an assault may be found guilty of aggravated assault if the victim reasonably believed that the gun was real. See, e.g., *Mitchell v. State*.[3]

Jackson contends that the trial court erred by allowing Officer Thrift and Officer Burke to state their opinion that the toy gun used by Jackson looked real because that determination was the ultimate issue for the jury and not beyond the ken of the average layman. Jackson objected to the opinion testimony of both of these officers at trial.[4]

Pretermitting whether the admission of the opinion testimony from Officer Thrift and Officer Burke was erroneous, the record shows that a third officer, Officer Crawford, testified on direct that the toy gun used by Jackson "looks like a real gun . . . exactly like a Glock model." Jackson did not object to this testimony at trial, and, on appeal, he does not challenge the admission of Officer Crawford's testimony. In addition, Jackson's victims directly testified that they

---

[3] *Mitchell v. State*, 222 Ga. App. 866, 867 (1) (476 SE2d 639) (1996).

[4] We note that, during Officer Thrift's testimony, Jackson asked for a continuing objection "to [Thrift's] opinion, anything to do with whether this gun is a replica or not." This continuing objection, which was specific to Officer Thrift's testimony, does not reach the testimony of the other officers.

believed that the toy gun used by Jackson was real, and Jackson himself told police that he chose the toy gun because it looked like a real gun.

Under these circumstances,

[n]otwithstanding any possible merit of the defendant's argument [regarding the testimony of Officer Thrift and Officer Burke], the admission of the disputed testimony was harmless as it was cumulative in nature [and] the same evidence was admitted, without objection, by [Officer Crawford] later at trial.

(Citation omitted.) *Mathis v. State.*[5]
*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED OCTOBER 21, 2004.

*John C. Culp*, for appellant.
*Richard E. Currie, District Attorney, Melanie J. Brogden, Assistant District Attorney*, for appellee.

---

[5] *Mathis v. State*, 175 Ga. App. 127 (2) (333 SE2d 10) (1985).
[1] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).