## A08A1202. BRIDGES v. THE STATE.
(668 SE2d 293)

BERNES, Judge.

Antonio Bridges was convicted of robbery by force or intimidation, theft by taking, fleeing and attempting to elude, obstruction of a law enforcement officer, reckless driving, no license on person, and failure to stop at a stop sign. On appeal, Bridges's sole claim of error is that the trial court improperly admitted certain testimony of the victim's mother that he claims was irrelevant and improperly bolstered the victim's testimony. Finding no reversible error, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). So viewed, the evidence shows that on May 19, 2005, the victim, a college student, borrowed her mother's car for the day. While standing outside her dorm, the victim saw Bridges, one of her acquaintances, and they agreed to drive to the location of a mutual friend, "Cali." The victim drove them in her mother's car. On the way, they picked up two men who Bridges said were his friends. Bridges asked the victim if she would drop off his two friends at their house, and the victim agreed. At Bridges's direction, the victim then drove to a nearby apartment complex and parked the car. After she parked, however, Bridges told the victim to get out of the car. When she refused, Bridges reached behind his back and said, "I have a tool." When the victim again refused to get out, Bridges punched her in the jaw. Fearful that she would be beaten, the victim exited the car, as did the other two men, and Bridges drove away.

The victim called 911 and reported the incident. The next day, two police officers spotted Bridges in the stolen vehicle and began to pursue him after activating the blue lights and siren on their marked patrol vehicle. Failing to stop, Bridges turned down a side street and accelerated to approximately 75 miles per hour, despite the posted speed limit of 25 miles per hour. Bridges ran several stop signs, parked the car in a restaurant parking lot, and attempted to flee on foot. The officers apprehended Bridges after a foot chase. He had no

driver's license on his person. After he was informed of his *Miranda* rights, Bridges admitted that "he actually stole the car."

At the jury trial, the victim and one of the pursuing officers, among others, testified to the events set out above. The audiotape of the 911 call was played to the jury. The victim's mother also testified that she owned the car at issue and had given the victim permission to drive it on the day of the incident. The mother further testified that she was a former 911 dispatcher, that the demeanor of callers varied "from person to person," and that some callers were quiet and calm irrespective of the type of crime being reported. In addition, the mother related that on the day of the incident, the victim called her "crying and hysterical" and told her that "he took the car and he punched me in the jaw." According to the mother, when she later saw the victim, the victim had a swollen jaw and "was having trouble opening and closing it."

In contrast, Bridges testified that in exchange for some marijuana, the victim gave him permission to use her mother's car until 6:00 p.m. A private investigator hired by the defense testified that the victim told him that Bridges had taken the car "too long" and "should have brought [it] back."

1. Although not raised by Bridges, we conclude that the evidence adduced at trial clearly was sufficient to support the jury's verdict under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA §§ 16-8-2 (theft by taking); 16-8-40 (a) (1), (2) (robbery by force or intimidation); 40-5-29 (a) (no license on person); 40-6-72 (b) (failure to stop at stop sign); 40-6-390 (a) (reckless driving); 40-6-395 (a) (fleeing and attempting to elude). It is true that the victim gave conflicting statements concerning what had occurred, and that Bridges testified to a different version of events. But

> [c]onflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. [Where, as here,] there [was] some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citation omitted.) *Lopez v. State*, 291 Ga. App. 210, 211 (1) (661 SE2d 618) (2008).

2. Bridges contends that the trial court erred in admitting the mother's testimony that she formerly worked as a 911 dispatcher, that the demeanor of persons who called 911 varied, and that some callers were quiet and calm regardless of the kind of crime being reported. Bridges argues that the testimony was irrelevant and was

an improper attempt to bolster the credibility of the victim because the victim's voice on the 911 tape appeared calm and composed, which he claims was inconsistent with her allegation that a violent crime had occurred.

Pretermitting whether the mother's testimony was improper, any error in its admission was harmless because the testimony was cumulative of other testimony later admitted without objection. See *Jackson v. State*, 270 Ga. App. 166, 168-169 (2) (605 SE2d 876) (2004) (admission of officer's opinion testimony was harmless when it was cumulative of other officer's opinion testimony admitted without objection later at trial). Specifically, on cross-examination, the private investigator hired by the defense testified, without objection, that based on his experience conducting myriad interviews with victims, including victims of very serious crimes, the range of emotions shown by victims differs from person to person, such that some victims "are really upset" while others "are really calm." In light of this cumulative evidence, we find no basis for reversal. See id.

Although unclear, Bridges also appears to challenge on the same grounds the mother's testimony that the victim was "crying and hysterical" when she spoke with the victim on the phone. However, Bridges has failed to preserve his claim of error because his sole objection to this testimony at trial was that it was hearsay. "In order to preserve an objection upon a specific ground for appeal, the objection must be made at trial upon that specific ground." (Punctuation and footnote omitted.) *Scott v. State*, 288 Ga. App. 738, 740 (2) (655 SE2d 326) (2007). And in any event, testimony concerning the victim's demeanor was relevant and did not constitute improper bolstering. See *Chauncey v. State*, 283 Ga. App. 217, 220 (3) (641 SE2d 229) (2007); *Morris v. State*, 268 Ga. App. 325, 328 (2) (601 SE2d 804) (2004).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 2, 2008.

*Stanley Constant*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Assistant District Attorney*, for appellee.