**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 19, 2014**

# In the Court of Appeals of Georgia

A14A0511. WRIGHT v. THE STATE.

MCFADDEN, Judge.

A jury found Cecil Ray Wright guilty of one count of child molestation, and he appeals his conviction. Wright argues that he received ineffective assistance of trial counsel because counsel failed to object to testimony of the victim's aunt. He argues that the testimony was bolstering, commented on the ultimate issue, and contained hearsay. We hold that the testimony was neither bolstering nor improperly commented on the ultimate issue. We also hold that the failure to object to hearsay was harmless, given that the testimony was cumulative of the victim's own testimony. We therefore affirm Wright's conviction.

1. *Facts.*

On appeal from a criminal conviction,

the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

*Cordy v. State*, 315 Ga. App. 849 (1) (729 SE2d 13) (2012) (citation omitted).

Viewed in this light, the evidence shows that a group of adults and children, including Wright, the victim, and S. A., the daughter of the victim's father's fiancee, gathered to help the victim's aunt move to another residence. At one point, S. A. told the aunt that she needed to speak with her. The aunt spoke with S. A. and the victim in the bathroom. In the victim's presence, S. A. told the aunt that the victim had said that Wright put his hand in the victim's pants. The victim was crying and could not speak, but said "yeah" when the aunt asked whether Wright had done that.

The victim, who was nine years old at the time of trial, testified at trial that while she was helping Wright find his beer, he grabbed her arm, covered her mouth, put his hand in her pants, and touched her private. A video recording of the victim's interview at a child advocacy center was played for the jury. In the video

2

recording, the victim related that Wright grabbed her, covered her mouth, put his hand down her pants, and rubbed her private. Wright testified, denying that he touched the victim.

Wright does not dispute that the evidence is legally sufficient to sustain his conviction, and we conclude that the evidence adduced at trial was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Wright was guilty of the crime of which he was convicted. *Jackson v. Virginia*, supra, 443 U. S. at 319 (III) (B).

2. *Ineffective assistance of counsel.*

Wright argues that trial counsel was ineffective for failing to object to certain portions of the aunt's testimony, which, he contends, amounted to improper bolstering, commented on the ultimate issue of the case, and contained hearsay. He also argues that even if these incidents of ineffectiveness are not individually prejudicial, cumulatively they are.

To prevail on his claim of ineffective assistance of counsel, Wright was required to show both deficient performance by trial counsel and actual prejudice. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). If Wright

3

"fails to meet his burden of proving either prong, then we do not need to examine the other prong." *Works v. State*, 301 Ga. App. 108, 114 (7) (686 SE2d 863) (2009) (citation omitted).

The testimony of which Wright complains occurred during the direct examination of the aunt, while she was describing the conversation in the bathroom with S. A. and the victim:

Q: Try to tell us the best you can what happened once you entered the bathroom.

A. When I got them to where I was in the bathroom, because the bathroom is separated, she – I said: What is it? And [S. A.] said: [The victim] told me that Cecil put his hand down her pants. And [the victim] was just -- she was crying. She couldn't even talk. And [S.A.] was -- her eyes were real big and she was shaky and she was so scared.

Q: Did [the victim] enter into the conversation any at the point early in the bathroom?

A: When I asked her what – he really done that, she said yeah. But it was like – she was crying. And I knew.

Q: Can you try to describe for the jury what it was you saw and heard, anything that helped you know how you knew?

4

A: [The victim's] been my world since she was born and I know her manners and I know how she is normal. . . . . I could not believe he done that.

Q: During the ride [from the aunt's house to the victim's house], did you and the girls discuss what happened further?

A: I don't remember. All I remember is thinking I can't believe he done this. . . .

Q: And based on the children's statements to you, what image was in your mind about what had happened?

A: I could see him doing it. I could see him sticking his hand down her pants and her little innocent face not understanding what's going on.

Q: Now, when he reached [the victim's house], what did you find when you got there?

A: …And, so, then, I just told [the victim's father's fiancee]: Cecil touched [the victim]

(a) *The aunt's testimony was not bolstering.*

Wright argues that the aunt's responses to the prosecutor's questions impermissibly bolstered the credibility of the victim, and that trial counsel was

ineffective for failing to object or to take other corrective action. "It is erroneous . . . for a witness, even an expert, to bolster the credibility of another witness by expressing an opinion that the witness is telling the truth." *Noe v. State*, 287 Ga. App. 728, 730 (1) (652 SE2d 620) (2007) (citation omitted). "What is forbidden is . . . opinion testimony that directly addresses the credibility of the victim, i.e., 'I believe the victim; I think the victim is telling the truth. . . .'" *Odom v. State*, 243 Ga. App. 227, 228 (1) (531 SE2d 207) (2000) (citations and punctuation omitted) (discussing an expert witness's allegedly bolstering testimony).

None of the aunt's testimony "directly addresse[d] the credibility of the victim." Rather, the aunt was describing the circumstances of the outcry and the victim's demeanor. Her testimony that she "knew" after hearing about the outcry is vague and ambiguous, and she never elaborated what she knew. Because the aunt did not directly comment on the veracity of the victim, her testimony was not improper. See *Roebuck v. State*, 261 Ga. App. 679, 684-685 (5) (583 SE2d 523) (2003) (testimony did not directly comment on the veracity of the victim and thus was not objectionable), overruled in part on other grounds, *Reynolds v. State*, 285 Ga. 70, 72 (673 SE2d 854) (2009). See also *Bridges v. State*, 293 Ga. App. 783, 785 (2) (668 SE2d 293) (2008) (testimony about child victim's demeanor was

6

relevant and did not constitute improper bolstering). Compare *Gaston v. State*, 317 Ga. App. 645, 647-648 (1) (731 SE2d 79) (2012) (father's affirming that he believed the victim when she told him that she had been molested by the defendant was improper); *Walker v. State*, 296 Ga. App. 531, 534-535 (1) (b) (675 SE2d 270) (2009) (aunt's testimony in child molestation case that "this child is telling me the truth" was improper); *Cline v. State*, 224 Ga. App. 235, 236-237 (2) (480 SE2d 269) (1997) (statement of witness in child molestation case that she "felt [the victim] was very credible" was improper); *Lagana v. State*, 219 Ga. App. 220, 221-222 (1) (464 SE2d 625) (1995) (grandmother's affirming that she had not "'ever had any problems with (the victim's) telling stories'" was improper).

Because this testimony was not bolstering, counsel's failure to object was not deficient. See *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993) ("Failure to make a meritless objection cannot be evidence of ineffective assistance.").

(b) *The aunt's testimony did not comment on the ultimate issue.*

Wright argues that the aunt's testimony was also improper because it commented on the ultimate issue of Wright's guilt. It is true that, under our former evidence code, "generally speaking, a trial witness [could] not give opinion

7

testimony on ultimate matters within the jury's province. . . ." *Dubose v. State*, 294 Ga. 579, 587 (6) (b) (755 SE2d 174) (2014) (citation and punctuation omitted).[1] But here, the aunt was not giving her opinion as to Wright's guilt. See *Carter v. State*, 320 Ga. App. 454, 461 (4) (b) (740 SE2d 195) (2013). Rather, she was testifying as a fact witness, describing the circumstances of the outcry and her reaction to it. See *Dubose*, 294 Ga. at 587 (6) (b). The testimony did not impermissibly comment on the ultimate issue, and counsel's failure to object was not deficient. See *Hayes*, supra, 262 Ga. at 884-885 (3) (c).

(c) *Any improper hearsay testimony was merely cumulative.*

Wright argues that trial counsel was ineffective for failing to object to the aunt's hearsay testimony regarding what S. A. told her. Specifically, he complains about the aunt's testimony that "[S. A.] said: [The victim] told me that Cecil put his hand down her pants." Any error in the admission of this testimony was

---

[1] Former OCGA 24-9-65 provided, "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor. If the issue shall be as to the existence of a fact, the opinions of witnesses shall be generally inadmissible." OCGA § 24-7-704 (a) of Georgia's new evidence code, which took effect on January 1, 2013, almost two years after Wright's trial, says that "testimony in the form of an opinion or inference otherwise admissible shall not be objectionable because it embraces an ultimate issue to be decided by the trier of fact."

harmless. S. A. herself testified about the victim's outcry to her, and that testimony was admissible under the child hearsay statute.[2] And although the aunt's testimony about what S. A. told her may have been hearsay, the testimony was cumulative of the victim's own testimony and was not harmful. *Clemmons v. State*, 282 Ga. App. 261, 263 (1) (638 SE2d 409) (2006). Accordingly, counsel's failure to object did not prejudice Wright.

3. *Cumulative errors.*

Wright further argues that his counsel's alleged errors, taken together, show a reasonable probability that but for counsel's errors the result of the proceeding would have been different. See *Schofield v. Holsey*, 281 Ga. 809, 811-812 (II) (642 SE2d 56) (2007). But, as described above, two of the alleged errors were not deficient performance and the third alleged error was not harmful. Accordingly,

---

[2]Former OCGA § 24-3-16, the child hearsay statute applicable at the time of trial, provided that "a statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." The statute was modified and adopted in the new evidence code at OCGA §24-8-820, effective January 1, 2013.

Wright has not shown that he received ineffective assistance of trial counsel. *Bates v. State*, 322 Ga. App. 319, 329 (6) (c) (744 SE2d 841) (2013).

*Judgment affirmed. Andrews, P. J., and Ray, J., concur*.