**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 2, 2022**

# In the Court of Appeals of Georgia

A22A0215. BEAUBRUN v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Thony Beaubrun was convicted of aggravated child molestation, aggravated sodomy, aggravated sexual battery, and child molestation. Beaubrun appeals, arguing that the trial court erred in allowing a detective to testify about the demeanor of alleged victims in unrelated cases; but the testimony was not a direct comment on the credibility of a victim in this case and any presumed error was harmless. Beaubrun further claims that the trial court erred in denying a mistrial based on unqualified expert testimony; but the testimony in question was not improper expert testimony. So we affirm.

1. *Facts.*

Viewed in the light most favorable to the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence showed that Beaubrun sexually abused two minor girls whose parents he knew. On at least two occasions, Beaubrun molested minor child D. P. at his business office, where D. P.'s mother worked. During the incidents, Beaubrun had the child sit on his lap, pulled down her pants, and inserted his penis into her anus.

Beaubrun also molested minor child D. D., whose parents were friends with Beaubrun. On one occasion, D. D. was at Beaubrun's house when he pulled down her pants and inserted his finger into her vagina. On another occasion, Beaubrun was at D. D.'s house when he touched her vaginal area, over her clothes, with his hand.

2. *Detective's testimony.*

Beaubrun contends that the trial court committed reversible error in allowing a detective who had interviewed D. D. to testify about the demeanor of alleged victims from unrelated cases. We disagree.

At trial, a video recording of the detective's interview of D. D. was played for the jury. Thereafter, the prosecutor asked the detective if, based on his training and experience, there is a particular way that children behave during such interviews and if he had interviewed children who were not overly emotional. Over Beaubrun's

2

objections, the trial court allowed the detective to testify that "[t]here's not one way that they respond" and that "every child . . . reacts differently in these interviews."

Beaubrun argues that the testimony improperly bolstered D. D.'s credibility. But "[w]hat is forbidden is opinion testimony that directly addresses the credibility of the victim, i.e., 'I believe the victim; I think the victim is telling the truth.'" *Wright v. State*, 327 Ga. App. 658, 661 (2) (a) (760 SE2d 661) (2014) (citation and punctuation omitted). Here, "none of the [detective's] testimony directly addressed the credibility of the victim." Id. Rather, the detective merely stated that children react differently during such interviews. As Beaubrun acknowledges in his brief, the fact that individuals may react differently to a particular situation is simply human nature. We agree and find the detective's testimony about such a routine matter of human nature did not amount to improper bolstering since the detective "did not directly comment on [D. D.'s] credibility and did not impermissibly address the ultimate issue of whether [Beaubrun] improperly touched [D. D.]" *Canty v. State*, 318 Ga. App. 13, 16 (2) (733 SE2d 64) (2012) (punctuation omitted).

Beaubrun further argues that the testimony should have been excluded as irrelevant and improper expert testimony. But even if we assume, without deciding, that the detective's testimony was unnecessary and more akin to an expert opinion

3

rather than an admissible layperson's opinion, see *Handy v. State*, 350 Ga. App. 490, 494-495 (4) (829 SE2d 635) (2019), we find that any error was harmless because "[i]t is highly probable that the testimony had no effect on the outcome of the case, and [Beaubrun] offers us no [compelling] reason to conclude otherwise." *White v. State*, 310 Ga. App. 386, 392 (6) (714 SE2d 31) (2011).

3. *Therapist's testimony.*

Beaubrun claims that the trial court erred in denying his motion for a mistrial after a therapist gave unqualified expert testimony. The claim is without merit.

At trial, the therapist testified that D. D. had come to see her after she "had been traumatized through an experience, an incident, that she had had." The court sustained Beaubrun's objection that the testimony went to the ultimate issue for the jury and instructed the jury to disregard the testimony. Later in the therapist's testimony, she was asked what techniques she had used, and she replied: "I used play therapy, art techniques, where . . . I have a body figure drawing, and then, on that body figure, [D. D.] projects her thoughts, her feelings onto the body figure. That helped distance the pain and trauma that she has experienced. So that's a great technique. And we used that several times when she came in." Beaubrun objected that the last half of the therapist's answer was an improper expert opinion. The trial court

4

sustained the objection and instructed the jury to disregard the last part of the testimony. Beaubrun then made a motion for a mistrial based on the witness' purported expert opinion testimony, which the trial court denied.

As an initial matter, we note that, contrary to the premise of Beaubrun's enumeration of error, the cited portions of the therapist's testimony were not expert opinions; instead, they were merely factual descriptions of why the child was referred for therapy and the therapy techniques used with D. D. While the therapist referenced the trauma experienced, she "did not directly address the credibility of the victim or express a direct opinion that the victim was sexually abused." *Odom v. State*, 243 Ga. App. 227, 229 (1) (a) (531 SE2d 207) (2000) (punctuation omitted). Indeed, the cited testimony included no opinion that D. D.'s behavior or responses during the counseling session were consistent with sexual abuse. Compare id. at 229 (1) (b) (doctor's testimony that victim's physical examination and related behavior were consistent with sexual abuse "was a permissible expression of the expert's opinion based on factors beyond the ken of the average juror.").

Moreover, even if we assume for the sake of argument that the witness gave an expert opinion as alleged in the enumerated error, Beaubrun has failed to show that the trial court committed reversible error in denying his motion for a mistrial.

5

> When prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial. But a trial court can negate the potentially harmful effect of improperly introduced evidence by prompt curative instructions rather than by granting a mistrial. Whether to grant a mistrial is within the trial court's discretion, which an appellate court will not disturb unless there is a showing that a mistrial is essential to the preservation of the right to a fair trial.

*Lynn v. State*, 310 Ga. 608, 612 (3) (852 SE2d 843) (2020) (citations and punctuation omitted). In this case, Beaubrun has not shown that a mistrial was essential to preserve a fair trial after the judge had already sustained Beaubrun's objections to the therapist's testimony and gave "prompt curative instruction[s] negat[ing] any prejudice by telling the jury to disregard the [testimony], . . . instruction[s] that we [must] presume the jury followed. There was no abuse of discretion in denying [the subsequent] motion for a mistrial." Id. (citation omitted).

*Judgment affirmed. Gobeil and Pinson, JJ., concur.*