**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 9, 2022**

# In the Court of Appeals of Georgia

A22A1474. WOOD v. THE STATE.

REESE, Judge.

A jury found Brandon Wood guilty of aggravated assault,[1] and the trial court denied his motion for new trial. Wood appeals, contending that (1) his trial counsel provided ineffective assistance and (2) the trial court erred in failing to charge the jury on simple assault. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the jury's verdict,[2] the record shows that in October 2016, Wood worked at a restaurant in Stockbridge. Wood's girlfriend, Julia Schade, worked at the same restaurant, and Wood lived with Schade in a nearby

---

[1] See OCGA § 16-5-21 (a).

[2] See *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

apartment. Schade had previously been romantically involved with Roberto Ruiz, Jr., who lived in the same apartment complex and worked at the same restaurant.

On October 28, 2016, Wood became upset after Ruiz sent Schade a message through social media. Wood went to Ruiz's apartment to confront him. Ruiz did not want to talk to Wood, who was angry, and Ruiz shut his door. After Wood left, Ruiz called Latasha Clements, the manager of the restaurant where he and Wood worked, and asked her to come to the apartment complex so that they could talk to Wood together to try and defuse the situation. Clements and another restaurant employee, Rosa Lily Ledezma, went to Ruiz's apartment, and then together all three of them went to Schade and Wood's apartment to talk to Wood.

Clements knocked on the door, and Wood came to the door with a bat in his hand. Wood wanted to fight Ruiz, but Clements and Ledezma stood between Wood and Ruiz, trying to keep Wood away from Ruiz, while Ruiz, Clements, and Ledezma stepped inside the apartment. Ruiz had his hands up, but Wood swung the bat at him, striking him in the head. Ruiz fell down, and Clements helped him outside and called 911.

Ruiz suffered a four- to five-inch blunt force trauma laceration to his forehead, which cut all the way through to his skull and caused him to bleed profusely. After

being struck, Ruiz was agitated and disoriented; he kept repeating the same questions while being transported to the hospital; and emergency responders were concerned about a possible brain injury or concussion. Ruiz was out of work for two months after the incident and had experienced difficulty remembering some things as of the time of trial. Immediately after the incident, Wood said that he knew that if he got Ruiz inside the apartment, Wood would not get in trouble if he hit Ruiz.

Wood testified at trial and claimed self-defense. Specifically, Wood testified that Ruiz forced his way inside the apartment and shoved Schade and that Wood struck Ruiz to protect Schade. All of the other witnesses, including Ruiz, Schade, Clements, and Ledezma, testified that Ruiz did not want to fight and that Wood was the aggressor. As noted above, the jury found Wood guilty of aggravated assault, and the trial court denied his motion for new trial. This appeal follows.

In reviewing Wood's claim of ineffective assistance of counsel, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[3] Because Wood did not object to the court's charge at trial, we review his challenge to the jury charge only

---

[3] *Hall v. State*, 361 Ga. App. 568, 571 (865 SE2d 183) (2021) (punctuation and footnote omitted).

3

for plain error.[4] With these guiding principles in mind, we now turn to Wood's specific claims of error.

1. Wood argues that his trial counsel provided ineffective assistance in numerous respects.

To evaluate Wood's claims,

> we apply the two-pronged test established in *Strickland v. Washington*,[5] which requires him to show that his trial counsel's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. Importantly, should a defendant fail to meet his burden on one prong of this two-prong test, we need not review the other prong. In addition, there is a strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct, and a criminal defendant must overcome this presumption. In fact, the reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case. And decisions regarding trial tactics and strategy may form the basis for an ineffectiveness claim only

---

[4] See *Walter v. State*, 304 Ga. 760, 764 (3) (822 SE2d 266) (2018) (footnote omitted); see also OCGA § 17-8-58 (b) ("Failure to object . . . shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties. Such plain error may be considered on appeal even if it was not brought to the court's attention[.]").

[5] 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

4

if they were so patently unreasonable that no competent attorney would have followed such a course.[6]

(a) Wood contends that his counsel was ineffective because he failed to file a statutory speedy trial demand.[7]

"Whether to file a demand for speedy trial is usually a matter of trial tactics and strategy, as a delay in bringing the case to trial may work to a defendant's advantage."[8]

At the hearing on the motion for new trial, defense counsel explained that he decided not to file a statutory speedy trial demand because the State was having trouble locating Ruiz and he wanted to "keep pressing the State" by announcing that the defense was ready every time the case was called for trial, in order to "try to either get a better deal or get [the State] to drop the case [altogether]." Because counsel elected not to file a statutory speedy trial demand as a matter of reasonable trial

---

[6] *Hall*, 361 Ga. App. at 573-574 (3) (punctuation and additional footnote omitted).

[7] See OCGA § 17-7-70.

[8] *Jones v. State*, 296 Ga. 561, 569 (6) (769 SE2d 307) (2015). Counsel did file a pre-trial motion to dismiss based on the violation of Wood's constitutional speedy trial rights, but the motion was denied.

strategy, this claim presents no basis for a finding of ineffective assistance.[9] According to Wood, this strategy was not reasonable because, had trial counsel filed a statutory speedy trial demand, the court would have granted it, and either the case would have been dismissed or Ruiz would not have testified. But Wood's claim that the case would have been dismissed or Ruiz would not have testified is speculation, and "mere speculation on the defendant's part is insufficient to establish *Strickland* prejudice[.]"[10] Without any evidence that the State would have dismissed the case or would have proceeded in Ruiz's absence, Wood cannot establish prejudice because "he has not demonstrated a reasonable probability that had his counsel filed a proper speedy trial demand, his trial's *outcome* would have been different."[11] Accordingly, this claim of ineffective assistance fails.

(b) Wood also contends that his trial counsel was ineffective in failing to request that the trial court charge the jury on the lesser-included offense of simple battery.

_____

[9] See *Jones*, 296 Ga. at 569 (6).

[10] *Pierce v. State*, 286 Ga. 194, 198 (4) (686 SE2d 656) (2009).

[11] *Henderson v. State*, 310 Ga. 231, 243 (3) (a) (850 SE2d 152) (2020) (emphasis in original).

6

"Decisions about which jury charges to request are strategic and provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them."[12]

At the hearing on Wood's motion for new trial, defense counsel testified that he and Wood discussed simple battery as a possible lesser-included offense, but that Wood was "very vocal and very adamant" that he wanted to claim self-defense. Counsel also explained that requesting an instruction on simple battery could have harmed Wood's case because sometimes juries cannot follow alternative theories. Because trial counsel's decision to pursue an "all or nothing" defense was not patently unreasonable, this claim of ineffective assistance also fails.[13]

(c) Wood next contends that his counsel was ineffective in failing to object to instances of bolstering and to leading questions.

"Decisions regarding when and how to raise objections are generally matters of trial strategy, and such strategic decisions do not constitute deficient performance

---

[12] *Leonard v. State*, 279 Ga. App. 192, 194-195 (2) (b) (630 SE2d 804) (2006) (citation and punctuation omitted).

[13] See *Leonard*, 279 Ga. App. at 195 (2) (b) (rejecting the defendant's claim of ineffective assistance based on defense counsel's failure to request that the trial court charge the jury on the lesser-included offense of misdemeanor battery when counsel testified that the defendant "decided to go with aggravated assault or nothing").

unless they are so patently unreasonable that no competent attorney would have chosen them."[14]

"It is well established that credibility of a witness is a matter for the jury, and a witness's credibility may not be bolstered by the opinion of another witness as to whether the witness is telling the truth."[15] However, trial counsel may reasonably elect not to object to such testimony as a matter of strategy.[16] Similarly, "the decision not to object to leading questions is often the result of reasonable trial strategy."[17]

(i) At trial, Ledezma testified that when Ruiz called her, he told her that Wood wanted to fight him, but Ruiz did not want to fight Wood. Wood argues this hearsay testimony was improper bolstering, and his counsel was ineffective in failing to object to it. However, Ledezma did not opine as to whether Ruiz was telling the truth. "What is forbidden is opinion testimony that directly addresses the credibility of the

---

[14] *Lewis v. State*, 351 Ga. App. 603, 608 (3) (c) (831 SE2d 837) (2019) (citation and punctuation omitted).

[15] *Barmore v. State*, 323 Ga. App. 377, 382 (3) (746 SE2d 289) (2013) (citation and punctuation omitted).

[16] See *Jones v. State*, 292 Ga. 593, 601-602 (7) (d) (740 SE2d 147) (2013) (discussing several reasons why a reasonable lawyer might not object to bolstering testimony).

[17] *Lewis*, 351 Ga. App. at 608 (3) (c) (punctuation omitted).

victim, i.e., 'I believe the victim; I think the victim is telling the truth.'"[18] Accordingly, Ledezma's testimony was not bolstering, and trial counsel was not ineffective in failing to object to it on that basis.[19]

(ii) Schade testified that after the incident, she provided a written statement to police, in which she stated that Ruiz and the others had forced their way inside the apartment and that Wood grabbed the bat only after he was backed up against a wall. However, at trial Schade testified that her statement to police was not true. Wood argues that his counsel was ineffective in failing to object to this testimony both because the State asked Schade leading questions and because the State asked Schade to comment on her truthfulness.

At the hearing on the motion for new trial, defense counsel testified that he did not object to Schade's testimony because her prior statement showed her to be "a liar" and allowed him to challenge her credibility. Accordingly, even assuming the State asked leading questions and improperly asked Schade to comment on her

---

[18] *Wright v. State*, 327 Ga. App. 658, 661 (2) (a) (760 SE2d 661) (2014) (citation and punctuation omitted).

[19] See id. (holding that trial counsel's failure to object to witness's testimony describing the circumstances of the victim's outcry and the victim's demeanor was not bolstering because the witness did not comment on the veracity of the victim).

9

truthfulness, defense counsel's decision not to object to Schade's testimony regarding her prior statement was reasonable trial strategy.[20]

(iii) Clements also made a statement to police. At trial, her statement was admitted into evidence without objection. After it was admitted, the State asked Clements to read her statement for the jury, and defense counsel objected that the statement was cumulative and constituted improper bolstering. The trial court overruled the objection because defense counsel had not objected earlier when the statement was offered for admission. Clements then read her statement into the record.

Wood contends that this was bolstering and that his counsel was ineffective in failing to object earlier. However, Clements's statement did not bolster her testimony, as her statement to police asserted no opinion as to her credibility.[21] Moreover, even if trial counsel rendered ineffective assistance in failing to object earlier to the admission of Clements's statement to police, Wood cannot show prejudice, as the

---

[20] See *Hardin v. State*, 344 Ga. App. 378, 384 (1) (c) (810 SE2d 602) (2018) (holding that defense counsel's trial strategy of attacking the victim's credibility to show her to be a liar was reasonable).

[21] See *Wright*, 327 Ga. App. at 661 (2) (a).

10

statement was cumulative to other testimony, which he does not challenge.[22]

Accordingly, this claim of ineffective assistance also fails.

(iv) At trial, the State questioned Ruiz about his difficulty remembering things since the incident. Wood contends that the State's questions were leading, and his counsel rendered ineffective assistance when he failed to object to these questions.

When questioned at the hearing on the motion for new trial, defense counsel explained that although Ruiz claimed not to be able to remember some things, he also remembered very concrete details of the incident, and counsel used these inconsistencies in Ruiz's testimony to argue that Ruiz was not credible. Counsel further explained, "I don't always object every single time when there's a leading question because I think it sometimes brings undue attention to what the witness was testifying to. And in this situation, I felt it was better [for] my cross-examination" to argue to the jury "how hazy [Ruiz's] details were[.]" Accordingly, defense counsel made a reasonable strategic decision not to object to this testimony.[23]

---

[22] See *Payne v. State*, 314 Ga. 322, 330 (3) (b) (877 SE2d 202) (2022) (finding no prejudice from counsel's failure to object to challenged testimony because testimony was cumulative of other evidence presented at trial, the admission of which the defendant did not contest).

[23] See *Lewis*, 351 Ga. App. at 608 (3) (c) (rejecting defendant's claim of ineffective assistance when defense counsel decided not to object to leading questions

11

(v) During the State's cross-examination of Wood, the prosecutor questioned him about the inconsistencies between his version of events and the testimony of the other witnesses. Wood contends that the State was improperly asking him to comment on the veracity of the other witnesses and his counsel was ineffective in failing to object.

"It is improper to ask a testifying witness whether another witness is lying."[24] Here, the State asked Wood to comment on the veracity of the other witnesses, including asking him whether the other witnesses were "just all making [their testimony] up" or whether they were lying. Accordingly, the State's line of questioning was improper.[25]

Nevertheless, we must review this questioning in context.[26] Even assuming that trial counsel was deficient in failing to object to this line of questioning, Wood has

---

as a matter of trial strategy); see also *Jones*, 292 Ga. at 602 (6) (d) (explaining that a reasonable lawyer might not object to bolstering testimony so as to not emphasize the testimony).

[24] *Davis v. State*, 306 Ga. 140, 147 (3) (f) (829 SE2d 321) (2019) (citation and punctuation omitted).

[25] See id.

[26] *Al-Attawy v. State*, 289 Ga. App. 570, 573 (1) (657 SE2d 552) (2008) ("[W]e review the bolstering testimony within its context to determine whether it affected the trial's outcome.") (footnote omitted).

12

not shown that the failure to object affected the outcome of his trial because Wood refused to comment on the witnesses' veracity, and the jury had other evidence from which it could assess the credibility of Ruiz, Schade, Clements, and Ledezma, namely, their testimony.[27] Accordingly, this claim of ineffective assistance is not persuasive.

2. Wood argues that the trial court plainly erred in failing to charge the jury on simple assault because it is an essential element of aggravated assault.

"Under plain error review, we will reverse the trial court only if the alleged instructional error was not affirmatively waived, was obvious beyond reasonable dispute, likely affected the outcome of the proceedings, and seriously affected the fairness, integrity, or public reputation of judicial proceedings."[28]

A simple assault occurs where an individual "[a]ttempts to commit a violent injury to the person of another" or "[c]ommits an act which places another in

---

[27] See id. (holding that the defendant had not shown that defense counsel's failure to object to bolstering affected the outcome of the trial when bolstering consisted of a single comment, the witness retreated from the bolstering testimony, and the jury had other evidence from which it could assess the victim's credibility, including the victim's trial testimony, during which the victim was subject to cross-examination).

[28] *Walter*, 304 Ga. at 764 (3) (citation and punctuation omitted).

13

reasonable apprehension of immediately receiving a violent injury."[29] To convict a defendant of aggravated assault, the State must prove both that the defendant committed a simple assault and that he did so "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury[.]"[30]

"Although simple assault is an element of aggravated assault, a charge on simple assault is not always required to complete the definition of aggravated assault."[31] For example, "there is no harmful error in failing to charge on simple assault when evidence shows that the perpetrator of the aggravated assault acted intentionally . . . and neither negligence nor reckless conduct is an issue in the case."[32] A charge on simple assault is not necessary "if, under the facts charged and the proof presented, the jury could not convict the defendant of aggravated assault without

---

[29] OCGA § 16-5-20 (a).

[30] OCGA § 16-5-21 (a) (2).

[31] *Brown v. State*, 339 Ga. App. 396, 401 (2) (b) (793 SE2d 573) (2016) (punctuation omitted).

[32] *Cantera v. State*, 289 Ga. 583, 584 (2) (713 SE2d 826) (2011) (citation and punctuation omitted).

implicitly finding that a simple assault had occurred."[33] In contrast, "an instruction on simple assault is required in those cases where a defendant is charged with aggravated assault even though the victim was not injured."[34]

Wood argues that because he claimed self-defense, there was a question of negligence or reckless conduct, requiring an instruction on simple assault. Given the circumstances of this case, we are not persuaded. The evidence was undisputed that Wood struck Ruiz in the head with a bat cutting through to his skull. The question for the jury was whether Wood was guilty of aggravated assault or whether he was not guilty because his use of the bat was justified. Because the undisputed evidence showed that Wood caused Ruiz serious bodily injury using a deadly weapon or an object which, when used offensively, is likely to or actually results in serious bodily injury, the trial court did not err, much less commit plain error, in failing to charge the jury on simple assault.[35]

---

[33] *Brown*, 339 Ga. App. at 401 (2) (b).

[34] Id.

[35] Compare *Brown*, 339 Ga. App. at 402-403 (2) (b) (holding that the trial court did not err in failing to instruct the jury on simple assault as an element of aggravated assault when the unrefuted evidence showed that the defendant's conduct resulted in serious bodily injury), with *Bashir v. State*, 350 Ga. App. 852, 854 (2) (830 SE2d 353) (2019) (reasoning that the trial court might have erred in failing to instruct on simple assault when the undisputed evidence showed that the defendant "intentionally

3. Finally, Wood summarily argues that the cumulative effect of errors deprived him of a fair trial.

To establish cumulative error, Wood must show that (1) at least two errors were committed in the course of the trial, and (2) considered together along with the entire record, the multiple errors so infected the jury's deliberation that they denied him a fundamentally fair trial.[36] Here, as Wood has not established at least two errors, his claim of cumulative error fails.[37]

*Judgment affirmed. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.

---

shot at the victims, but missed and caused them no injury"); see *Campbell v. State*, 359 Ga. App. 391, 396 (4) (a) (858 SE2d 83) (2021) (holding that the trial court did not err in denying the defendant's request to instruct the jury on simple assault as a lesser-included offense of aggravated assault when there was undisputed evidence that the assault was committed with a deadly weapon).

[36] See *Flood v. State*, 311 Ga. 800, 808 (2) (d) (860 SE2d 731) (2021).

[37] See id.